RECEIVED
MAR 0 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LOUIS WHITE | CIVIL ACTION NO. 05-1641-P |
| VERSUS | JUDGE HICKS |
| WARDEN VENETIA MICHAEL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Louis White ("Petitioner"), pursuant to 28 U.S.C. Section 2254. This petition was received and filed in this Court on September 16, 2005. Petitioner is incarcerated in the Forcht Wade Correctional Center in Keithville, Louisiana. He challenges his state court convictions. He names Warden Venetia Michael as respondent.

In January 1983, Petitioner was convicted of one count of aggravated kidnapping and three counts of aggravated rape in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to four consecutive life sentences at hard labor without benefit of parole, probation or suspension of sentence.

In support of this petition, Petitioner alleges the trial court denied him due process

and equal protection when it denied his application for post-conviction relief filed pursuant to La. C.Cr.P. art. 926.1. For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). Pursuant to La. C.Cr.P. art. 926.1 which was enacted in 2001, a person convicted of a felony may file an application for post-conviction relief requesting DNA testing prior to August 31, 2007. In order to give Petitioner the benefit of the doubt, this Court will not begin calculating the one-year limitation period until after the Supreme Court of Louisiana ruled on his application for post-conviction relief on March 12, 2004. State ex rel. White v. State, 2003-0573 (La. 3/12/04), 869 So.2d 810.

The federal petition currently before the Court was received and filed in this Court on September 16, 2005 and signed by Petitioner on August 31, 2005. Since the federal clock began ticking in March 2004 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition in or before March 2005. This petition was not filed until August 2005 at the earliest, more than four months too late.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 1st day of ~~February~~ March 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

CC:SMH