**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LOUIS WHITE | CIVIL ACTION NO. 05-1641-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN VENETIA MICHAEL | MAGISTRATE JUDGE HORNSBY |

**JUDGMENT**

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Louis White ("Petitioner"), pursuant to 28 U.S.C. § 2254. This matter was referred to the Magistrate Judge for report and recommendation. The Magistrate Judge issued the report and recommendation on March 1, 2006. (Record Document 8). Petitioner timely objected to the report and recommendation. (Record Document 9).

Relying on Grooms v. Solem, 520 F.Supp. 1184 (D.C.S.D. 1981), Petitioner argues that this Court should allow his petition for writ of habeas corpus to proceed because his attorney failed to file his petition for writ of habeas corpus within the one-year limitation period. In Grooms, the petitioner filed an application for writ of habeas corpus, claiming that he had been deprived of his right to appeal his 1979 conviction by ineffective assistance of counsel. See Grooms, 520 F.Supp. 1184, 1185. The court found that petitioner had not waived his right for a ***direct*** appeal, that his rights had been violated and provisionally granted the writ of habeas corpus. See id. (emphasis added). Petitioner's reliance on Grooms is misplaced, as the Grooms case dealt with counsel failing to file a direct appeal while the instant matter deals with allegations of counsel failing to file a writ of habeas corpus, a collateral attack on Petitioner's state court convictions. Thus, Grooms is distinguishable from the instant matter.

Accordingly;

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, including written objections filed by Petitioner, and determining that the findings are correct under the applicable law;

**IT IS ORDERED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time-barred by the one-year limitation period imposed by the AEDPA.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st day of March, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE